Michele R. Stafford, Esq. (SBN 172509)
Shivani Nanda, Esq. (SBN 253891)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
snanda@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, and its JOINT BOARD OF TRUSTEES; LES PROTEAU and MARIAN BOURBOULIS, Trustees;<br><br>DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, and its JOINT BOARD OF TRUSTEES; CHRIS CHRISTOPHERSON and JOHN MAGGIORE, Trustees;<br><br>DISTRICT COUNCIL 16 NORTHERN CALIFORNIA JOURNEYMAN AND APPRENTICE TRAINING TRUST FUND, and its JOINT BOARD OF TRUSTEES; CHRIS CHRISTOPHERSON and MARIAN BOURBOULIS, Trustees; and<br><br>DISTRICT COUNCIL 16 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES,<br><br>        Plaintiffs,<br><br>    v.<br><br>MAGNUM DRYWALL, INC., a California corporation,<br><br>        Defendant. | Case No.: C14-05557 LB<br><br>**JUDGMENT PURSUANT TO STIPULATION** |

P:\CLIENTS\PATCL\Magnum Drywall 4\Pleadings\Stipulation\Judgment Pursuant To Stipulation.docx

1　　　　IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the

2　parties hereto, that Judgment shall be entered in the within action in favor of Plaintiffs  Bay Area

3　Painters and Tapers Trust Fund, et al. ("Plaintiffs" or "Trust Funds") and against Defendant

4　Magnum Drywall, Inc., a California corporation ("Defendant"), and/or alter egos and/or successor

5　entities, as follows:

6　　　　1.　　　Defendant is signatory to and bound by the terms of the Northern California Drywall

7　Finishers Master Agreement ("Bargaining Agreement") between the District Council No. 16 of the

8　International Union of Painters and Allied Trades ("Union") and the Wall and Ceiling Alliance. The

9　Bargaining Agreement is still in full force and effect.

10　　　　2.　　　Gary Lynn Robinson ("Guarantor") confirms that he is authorized to enter into this

11　Stipulation on behalf of Defendant and confirms that he is personally guaranteeing the amounts due

12　pursuant to the terms of this Stipulation. Guarantor further confirms that all successors in interest,

13　assignees, and affiliated entities (including, but not limited to, parent or other controlling

14　companies), and any companies with which Defendant joins or merges, if any, shall also be bound

15　by the terms of this Stipulation as Guarantors. This shall include any additional entities in which

16　Guarantor is an officer, owner or possesses any ownership interest. Defendant/Guarantor and all

17　such entities shall specifically consent to the Court's jurisdiction, in writing, at the time of any

18　assignment, affiliation or purchase, as well as to all other terms herein.

19　　　　3.　　　Defendant has become indebted to the Trust Funds as follows:

| Work Month | Unpaid Contributions | 20% Liquid. Damages | 5% Interest (thru 1/9/15) | Subtotals |
|---|---|---|---|---|
| November 2014 | $435,785.37 | $87,157.07 | $537.30 | $523,479.74 |
| December 2014 | $393,782.60 | 78,756.52 | $0.00 | $472,539.12 |
| 10% Liquidated Damages for late-paid August through September 2014 Contributions (Accrued prior to litigation): | | | | $1500.00 |
| 20% Liquidated Damages for late-paid October 2014 Contributions (Accrued post litigation): | | | | $140,689.69 |
| 5% Per Annum Interest for late-paid August through October 2014 Contributions: | | | | $8,023.94 |
| Attorneys' Fees (through 1/8/15): | | | | $4,340.00 |
| Complaint Filing Fee: | | | | $400.00 |
| GRAND TOTAL DUE: | | | | $1,150,972.40 |

P:\CLIENTS\PATCL\Magnum Drywall 4\Pleadings\Stipulation\Judgment Pursuant To Stipulation.docx

4.     Defendant/Guarantor shall *conditionally* pay the amount of **$842,869.21,** representing all of the above amounts, less liquidated damages in the amount of **$308,103.28**. *This conditional waiver is expressly conditioned upon Trustee approval following timely compliance with all of the terms of this Stipulation,* as follows:

(a)     Beginning on **January 31, 2015**, and on or before the <u>last business day of each month</u> thereafter for a period of twelve (12) months, through and including December 31, 2015, Defendant/Guarantor shall pay to Plaintiffs the amount of **$70,239.10** per month;

(b)     Payments may be made by joint check, to be endorsed by Defendant prior to submission. Payments made by joint check may be applied toward Defendant's monthly stipulated payment provided that the issuer of the joint check is not requesting a release in exchange for the payment. Joint check payments in which a release is requested may not be applied toward Defendant's monthly stipulated payment, but shall be deducted from the total balanced owed under this Stipulation provided the payment is for contributions included in this Stipulation;

(c)     Defendant/Guarantor shall have the right to increase the monthly payments at any time and there is no penalty for prepayment;

(d)     Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest from January 9, 2015, at the rate of 5% per annum in accordance with the Bargaining Agreement and Plaintiffs' Trust Agreements;

(e)     Checks shall be made payable to the *District Council 16 Northern California Trust Funds*, and delivered on or before each due date to <u>Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104</u>, or to such other address as may be specified by Plaintiffs;

(f)     Plaintiffs may require that Defendant pay electronically by wire transfer;

(g)     At the time that Defendant/Guarantor makes the twelfth (12th) stipulated payment, Defendant/Guarantor may submit a written request for waiver of their liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation with their twelfth (12th) payment. Such waiver will not be considered until and unless all other amounts are

1   paid in full and Defendant's account is otherwise current;

2           (h)     Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise

3   Defendant/Guarantor in writing, by first class mail and email, as to the final amount due, including

4   additional interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection

5   with the collection and allocation of the amounts owed to Plaintiffs under this Stipulation.

6   Defendant/Guarantor shall pay all additional interest, attorneys' fees and costs regardless of

7   whether or not Defendant defaults herein. Any additional amounts due pursuant to the provisions

8   hereunder shall also be paid in full with the final stipulated payment due on <u>December 31, 2015</u>;

9   and

10          (i)     Failure to comply with any of the above terms shall constitute a default of the

11  obligations under this Stipulation and the provisions of ¶ 11 shall apply.

12          5.      In the event that any check is not timely submitted or fails to clear the bank, or is

13  unable to be negotiated for any reason for which Defendant/Guarantor is responsible, Defendant

14  shall be considered to be in default of the Judgment entered. If this occurs, Plaintiffs shall make a

15  written demand to Defendant/Guarantor, by first class mail and email, to cure said default ***within***

16  ***seven (7) days of the date of the notice from Plaintiffs***. If caused by a failed check, default will

17  only be cured by the issuance of a replacement *cashier's check*, delivered to Saltzman and Johnson

18  Law Corporation within the seven (7) day cure period. If Defendant/Guarantor elect to cure said

19  default, and Plaintiffs elect to accept future payments, *all such future payments shall be made by*

20  *cashier's check* at Plaintiffs' request. In the event default is not cured, all amounts remaining due

21  hereunder shall be due and payable on demand by Plaintiffs.

22          6.      Beginning with contributions due for hours worked by Defendant's employees

23  during the month of January 2015, and for every month thereafter until this Judgment is satisfied,

24  **Defendant shall remain current in reporting and payment of contributions** due to Plaintiffs

25  under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining

26  Agreements, if any, and the Declarations of Trust as amended. The Collective Bargaining

27  Agreement and Trust Agreements provide that all benefit contributions are due on or before the

28

P:\CLIENTS\PATCL\Magnum Drywall 4\Pleadings\Stipulation\Judgment Pursuant To Stipulation.docx

1  fifteenth (15th) day of the month following the month in which hours were worked and are

2  delinquent if not received by the last business day of that month.

3        Until this judgment is satisfied, Defendant shall **submit all monthly contribution reports**

4  **and payments directly to Saltzman and Johnson Law Corporation.** The reports and payments

5  shall be delivered to Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation, 44

6  Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may

7  be specified by Plaintiffs, by the last business day of each month. Defendant shall send copies of its

8  contribution reports and payments to the Trust Funds. Plaintiffs may require that Defendant pay

9  contributions electronically by wire transfer. Failure by Defendant to timely submit current

10 contribution reports and payments, or a report of "no employees" if applicable, shall constitute a

11 default of the obligations under this Stipulation and the provisions of ¶ 11 shall apply.

12       7.      Beginning with the month of January 2015, and for every month thereafter,

13 **Defendant shall fully disclose all jobs on which it is working by providing Plaintiffs with fully**

14 **completed job reports** on the form attached hereto as Exhibit A. Upon request by Plaintiffs,

15 Defendant shall also provide Plaintiffs with copies of Certified Payroll Reports for any and all

16 Public Works jobs, or any other job for which Certified Payroll Reports are required. Defendant's

17 updated monthly job reports and Certified Payroll Reports (if requested) shall be delivered to

18 Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite

19 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs,

20 by the last business day of each month.

21       This requirement remains in full force and effect regardless of whether or not Defendant has

22 ongoing work, whether Defendant's account with the Trust Funds is active, or whether Defendant is

23 signatory to a Collective Bargaining Agreement with the Union. If, for any reason, Defendant has

24 no work to report during a given month, Defendant shall submit the job report form (Exhibit A)

25 indicating that there are no current jobs. **Defendant's first job report (regarding January 2015**

26 **jobs) is due on or before January 31, 2015.**

27       Failure by Defendant to timely submit fully completed monthly job reports and Certified

28

1  Payroll Reports (if requested and applicable) as described above shall constitute a default of the

2  obligations under this Stipulation and the terms of ¶ 11 shall apply.

3       8.    **Audit:** Should the Trust Funds request an audit of Defendant's payroll records in

4  order to confirm proper reporting and payment of contributions pursuant to the Bargaining

5  Agreements, any failure by Defendant to comply with said request shall constitute a default of the

6  obligations under this Agreement, which Defendant shall have ten (10) days to cure from receipt of

7  written notice from Plaintiffs.

8       (a)    In the event that amounts are found due on audit, Plaintiffs shall send a

9  written demand to Defendant by first class mail and email, for payment in full of the amounts found

10  due in the audit, including a full copy of the audit report and any findings, including contributions,

11  liquidated damages, interest and audit fees owed.

12       (b)    Defendant will be provided with ten (10) days in which to review the audit,

13  and provide evidence to contest the findings. In the event that Defendant does not agree with the

14  total found due, Plaintiffs shall provide any additional information or clarification requested by

15  Defendant in writing within ten (10) days of the request therefor, or as soon as reasonably possible,

16  and Defendant's time to respond to the audit report or comply with payment requirements shall then

17  run from the time that Defendant receives Plaintiffs' response. Once the ten (10) day review period

18  expires, in the event that the audit is not contested, payment in full shall be delivered to Michele R.

19  Stafford at the address provided above.

20       (c)    If the audit is contested, and Defendant provides documentation in support of

21  the dispute, Defendant shall be notified as to whether revisions will be made to the audit. If

22  revisions are not made, payment will be immediately due.

23       (d)    If revisions are made to said audit as a result of the dispute, payment in full

24  of the revised amount shall be due within ten (10) days of Defendant's receipt of the revised billing.

25       (e)    If Defendant is unable to make payment in full, Defendant may submit a

26  written request to revise this Stipulation, modifying the payment plan (by monthly amount and/or

27  payment term), to add the amounts found due in the audit to this Stipulation, subject to the terms

28

-6-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C14-05557 LB**

herein. If the Stipulation is so revised, Defendant shall execute the Amended Judgment or Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended Judgment or Amendment to Judgment. Failure to execute the revised agreement shall constitute a default of the terms herein.

(f)	Failure by Defendant to submit either payment in full or a request to add the amounts due to this Judgment within ten (10) days of the date due per the terms written above shall constitute a default of the obligations under this agreement. All amounts found due on audit shall immediately become part of this Judgment.

9.	Failure to comply with any of the above terms shall constitute a default of the obligations under this Stipulation and the provisions of ¶ 11 shall apply.

10.	Any unpaid or late-paid contributions, together with 20% liquidated damages and 5% per annum interest accrued on the contributions shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreements and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions and related amounts not included herein as may be determined by Plaintiffs to be due pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto. Defendant/Guarantor specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due**.**

11.	In the event that Defendant/Guarantor fail to make any payment required herein, or otherwise default on any of their obligations as detailed in this Stipulation, and such default is not timely cured, the following will occur:

(a)	The entire balance of **$1,150,972.40**, plus interest, but reduced by principal payments received from Defendant/Guarantor, in addition to any unpaid contributions then due plus 20% liquidated damages and 5% per annum interest on the unpaid or late-paid contributions, shall be immediately due and payable, together with any attorneys' fees and costs incurred during the term of this Stipulation;

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C14-05557 LB**

1    (b)    A Writ of Execution may be obtained against Defendant/Guarantor without

2    further notice to Defendant/Guarantor, in the amount of the unpaid balance plus any additional

3    amounts due under the terms herein. Such Writ of Execution may be obtained solely upon

4    declaration by a duly authorized representative of Plaintiffs setting forth any payment theretofore

5    made by or on behalf of Defendant and the balance due and owing as of the date of default;

6    (c)    Defendant/Guarantor waive any notice of Entry of Judgment or of any

7    Request for a Writ of Execution upon default, and expressly waive all rights to stay of execution

8    and appeal. The declaration or affidavit of a duly authorized representative of Plaintiffs as to the

9    balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of

10   Execution, without notice to Defendant/Guarantor; and

11   (d)    Defendant/Guarantor shall pay all additional attorneys' fees and costs

12   incurred by Plaintiffs in connection with the collection and allocation of the amounts owed by

13   Defendant/Guarantor to Plaintiffs under this Stipulation, whether or not a default occurs herein.

14   12.    Any failure on the part of Plaintiffs to take any action against Defendant/Guarantor

15   as provided herein in the event of any breach of the provisions of this Stipulation shall not be

16   deemed a waiver of any subsequent breach by Defendant/Guarantor of any provisions herein.

17   13.    The parties agree that any payments made pursuant to the terms of this Judgment

18   shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C.

19   Section 547(c)(2) and shall not be claimed by Defendant/Guarantor as a preference under 11 U.S.C.

20   Section 547 or otherwise.

21   14.    Should any provision of this Stipulation be declared or determined by any court of

22   competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

23   enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

24   illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

25   Stipulation.

26   15.    This Stipulation is limited to the agreement between the parties with respect to the

27   unpaid and delinquent contributions and related sums enumerated herein, owed by Defendant to

28

-8-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C14-05557 LB**

Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant acknowledges that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant and all of its control group members, as provided by Plaintiffs' Plan Documents, Trust Agreements incorporated into their Bargaining Agreements, and applicable laws and regulations.

16.     This Stipulation contains all of the terms agreed to by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

17.     This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

18.     Defendant/Guarantor represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

//
//
//
//
//
//
//
//
//
//
//

P:\CLIENTS\PATCL\Magnum Drywall 4\Pleadings\Stipulation\Judgment Pursuant To Stipulation.docx

1      19.    The parties agree that the Court shall retain jurisdiction of this matter until this

2 Judgment is satisfied.

3 Dated: January  13, 2015            **MAGNUM DRYWALL, INC.**

4

                          By: _____/S/_____

5                                Gary Lynn Robinson
                               RMO/CEO/President of Defendant

6

7 Dated: January  13, 2015            **GARY LYNN ROBINSON**

8                           By: _____/S/_____
                               Gary Lynn Robinson, individually, as Guarantor

9

10 Dated: January  14, 2015            **SALTZMAN AND JOHNSON LAW CORPORATION**

11                         By: _____/S/_____

12                                Michele R. Stafford
                               Attorneys for Plaintiffs

13

14 IT IS SO ORDERED.

15 IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall

16 retain jurisdiction over this matter.

17

18 Dated: __January 21__, 2015             _____

19                          UNITED STATES DISTRICT COURT JUDGE

20

21

22

23

24

25

26

27

28

JUDGMENT PURSUANT TO STIPULATION
Case No.: C14-05557 LB

P:\CLIENTS\PATCL\Magnum Drywall 4\Pleadings\Stipulation\Judgment Pursuant To Stipulation.docx

| | |
|---|---|
| **EXHIBIT A**<br>**JOB REPORT FORM** | |

**Updated Job Reports shall be delivered to Saltzman & Johnson Law Corporation**
**by the last business day of each month**
at 44 Montgomery Street, Suite 2110, San Francisco, California 94104

**Employer Name: <u>MAGNUM DRYWALL, INC.</u>**

Report for the month of _____, 20__ Submitted by: _____

| | | | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

| | | | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

*** Attach additional sheets as necessary ***

P:\CLIENTS\PATCL\Magnum Drywall 4\Pleadings\Stipulation\Judgment Pursuant To Stipulation.docx